UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| EDWARD SCHAEFER | * | CIVIL ACTION |
| versus | * | NO. 06-7295 |
| STATE FARM INSURANCE COMPANY, MONK GUILLOT, and AAA CONTRACTOR SERVICES | * | SECTION "F" |

ORDER AND REASONS

Before the Court is plaintiff's motion to remand. For the reasons that follow, the motion is GRANTED.

Background

Hurricane Katrina damaged Edward Schaefer's home in Kenner, Louisiana. He filed claims under his homeowner's policy, but State Farm refused to pay the claims. He filed a lawsuit in state court on August 29, 2006, naming State Farm Fire and Casualty Company, its agent, Monk Guillot, and AAA Contractor Services. Schaefer asserted he was entitled to payment from State Farm for damages and losses to his property, including penalties under Louisiana law for bad-faith claims adjusting. He asserted claims against State Farm's agent, Monk Guillot, for failing to inform them of potential gaps in insurance coverage and for failing to procure adequate insurance. Schaefer also claimed that AAA Contractor Services had billed and assessed damage costs that were excessive and unfair.

1

State Farm removed the case to this Court on October 4, 2006, invoking this Court's original diversity jurisdiction. State Farm asserted that the amount-in-controversy requirement is met, and that the parties are completely diverse because the in-state defendants, Monk Guillot and AAA Contractor Services, were fraudulently joined. State Farm alternatively argues that the lawsuit is properly removed because this Court has original federal subject matter or supplemental jurisdiction under the Multiparty, Multiforum Trial Jurisdiction Act, 28 U.S.C. §§ 1369 and 1441(e)(1).

Schaefer now moves to remand, arguing that State Farm has not met its burden to prove that he has no possibility of recovery against Monk Guillot, his insurance agent. Schaefer obtained the insurance policy within one year of Hurricane Katrina and did not discover his agent's negligence in procurement until after the storm, well within the three-year preemption period for tort actions against insurance agents. Schaefer argues that for this reason, complete diversity is destroyed and therefore, this Court has no subject-matter jurisdiction to hear the case.

I.

Most lawsuits filed after Hurricane Katrina focus on issues of insurance law and have been removed by out-of-state defendant insurance companies. Common jurisdictional issues run

through these cases, and the standards for diversity and federal question jurisdiction and the discretion to remand cases to state court have been enumerated time after time, as well as the standards for the duty owed by insurance agents to the insured. See Kurz v. Scottsdale Ins. Co., 2006 WL 3240787 (E.D. La. Nov. 7, 2006); Thomas P. Ragas v. Jimmy Tarleton III and Allstate Ins. Co., 2006 WL 2925448 (E.D. La. Oct. 10, 2006); Bienemy v. American Sec. Ins. Co., 2006 WL 2925454 (E.D. La. Oct. 10, 2006); Tomlinson v. St. Paul Fire & Marine Ins. Co., 2006 WL 2632105 (E.D. La. Sept. 12, 2006).

This case is no different. In the state court petition, Schaefer asserts that Guillot was the insurance agent who procured their State Farm insurance policy. Schaefer states that he met with Guillot and executed the policy within one year of Hurricane Katrina. In his complaint, Schaefer does not provide specifics regarding the type or amount of insurance he requested, but implies that his expectations that he conveyed to Guillot were not met. Schaefer states that Guillot "fail[ed] to advise [him] of the inadequacy of [his] flood coverage," and "fail[ed] to provide[] [him] the option of purchasing excess flood insurance." But Schaefer contends he did not discover Guillot's alleged negligence until he filed a claim for damages and was denied by State Farm. Schaefer filed his negligence claim against Guillot within one year of the date that he discovered the negligence, pursuant to La. R.S.

3

9:5606.

State Farm presents sworn evidence documenting thirteen identical lawsuits against it, all from different plaintiffs, but all using exactly the same vague language regarding their State Farm insurance agent's alleged negligence in procuring insurance. But State Farm presents no evidence refuting Schaefer's allegations of negligence against Guillot.  State Farm cannot contradict Schaefer's claims that he purchased the insurance policy within one year of Hurricane Katrina, that Guillot failed to inform him that the insurance policy may not cover potential damages, that Guillot did not procure the coverage Schaefer requested, or that Schaefer did not discover Guillot's alleged negligence until after he was denied coverage by State Farm.

The Court finds that State Farm has not met its burden in proving that Schaefer has no possibility of recovery under Louisiana state law.  Therefore, the Court finds that because Monk Guillot is a properly joined defendant, complete diversity between the parties is destroyed and this Court has no subject-matter jurisdiction to hear the case.

II.

Multiple Sections of this Court have considered whether the Multiparty, Multiforum Trial Jurisdictional Act, 28 U.S.C. § 1369(a), provides original jurisdiction for lawsuits filed as a

result of Hurricane Katrina.  Unanimously, judges in this Court have agreed that it does not.  See, e.g., Salvaggio v. Safeco Property & Cas. Ins. Co., 2006 WL 3068971 (E.D. La. Oct. 25, 2006)(Feldman, J.); Berry v. Allstate Ins. Co., No. 06-4922, 2006 WL 2710588 (E.D. La. Sept. 19, 2006) (Zainey, J.); Flint v. La. Farm Bureau Mut. Ins. Co., No. 06-2546, 2006 WL 2375593 (E.D. La. Aug. 15, 2006) (Duval, J.); So. Athletic Club, LLC v. Hanover Ins. Co., No. 06-2005, 2006 WL 2583406 (Sept. 6, 2006) (Lemmon, J.); Southall v. St. Paul Travelers Ins. Co., No. 06-3848, 2006 WL 2385365 (E.D. La. Aug. 16, 2006) (Barbier, J.).

   Accordingly, the plaintiffs' motion to remand is GRANTED. The case is hereby remanded to state court.

                    New Orleans, Louisiana, November 21, 2006.

                              _____
                                  MARTIN L. C. FELDMAN
                              UNITED STATES DISTRICT JUDGE